UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM JOHNSON,

    Applicant,

v.                                             CASE NO. 8:17-cv-266-T-23AAS

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

    Johnson applies for the writ of habeas corpus. (Doc. 1) He neither paid the $5.00 filing fee nor requested leave to proceed *in forma pauperis*. Local Rule 1.03(e) directs that the action is subject to dismissal if the fee is not paid or a motion for leave to proceed *in forma pauperis* is not filed within thirty days after the action begins.

    Johnson applied for relief under Section 2241 in the Northern District of Florida, his place of imprisonment. The action was properly transferred to the Middle District of Florida because Johnson is imprisoned under a state court judgment from the circuit court in Hillsborough County, Florida. The order (Doc. 3) transferring the action determines that Johnson must proceed under Section 2254 and not under Section 2241.

**Cannot Proceed Under Section 2254:**

Apparently recognizing that an application under Section 2254 is untimely because he challenges a conviction entered in 1997, Johnson states (Doc. 1 at 2):

> The petitioner is not, repeat not, arguing his state court conviction. The petitioner is arguing violations of his civil and constitutional rights, so please do not come with an [*sic*] copy of 28 U.S.C. § 2254, [be]cause it do not apply to the petitioner, and the petitioner will not file an 2254, so don't waste your time. . . . The petitioner has the right to petition the government the way the petitioner see it not what the government wants the petitioner to file.

Despite his insistent disclaimer, Johnson's Section 2241 application challenges the validity of his state court judgment.

Because he is imprisoned under a state court judgment, Johnson must challenge the validity of his conviction in an application under Section 2254. *Medberry v. Crosby*, 351 F.3d 1049, 1054 (11th Cir. 2003) (holding that an application "is governed by § 2254 because Appellant is 'in custody pursuant to the judgment of a State court.'"), *cert. denied*, 541 U.S. 1032 (2004). Johnson cannot circumvent Section 2254's limitation. "When we refer to a petition as being subject to § 2254, we mean § 2254 and all its attendant restrictions." *Medberry*, 351 F.3d at 1054 n.5. Lastly, an applicant cannot use Section 2241 to circumvent Section 2254, as *Medberry*, 351 F.3d at 1062, explains:

> In summary, a state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ — to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a

> state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254.

**Actual Innocence:**

Johnson contends that he is actually innocent. Although Johnson can challenge his conviction if he can show that he is "actually innocent" of the offense, actual innocence is not a separate claim that challenges the conviction but a "gateway" through which a defendant can pass to assert an otherwise time-barred or procedurally barred federal claim.[*] Passage through the gateway is difficult to obtain because "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether . . . exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The gateway is narrow and opens "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin, Warden, v. Perkins*, 133 S. Ct. 1924, 1936 (2013) (quoting *Schlup v. Delo* 513 U.S. 298, 316 (1995)).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). *House v. Bell*, 547 U.S. 518, 538

---

[*] *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013) ("We have not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence.") (citing *Herrera v. Collins*, 506 U.S. 390, 404–05 (1993)).

- 3 -

(2006) (internal citation omitted), explains that the applicant's burden, although demanding, is not absolute proof of innocence:

> [I]t bears repeating that the *Schlup* standard is demanding and permits review only in the "extraordinary" case . . . . At the same time, though, the *Schlup* standard does not require absolute certainty about the petitioner's guilt or innocence. A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt — or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt.

Although Johnson's one-year limitation might have expired under Section 2254, proof of actual innocence can overcome the statute of limitation, as *Perkins*, 133 S. Ct. at 1928 (brackets original), explains:

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in *Schlup* and *House,* or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup,* 513 U.S., at 329, 115 S. Ct. 851; see *House,* 547 U.S., at 538, 126 S. Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup,* 513 U.S., at 332, 115 S. Ct. 851.

Johnson should proceed with an application under Section 2254 if he believes that he possesses "new evidence" that qualifies for entitlement to the "actual innocence" exception to the limitation. In the application, Johnson must explain his entitlement to the actual innocence exception. *See Jackson v. Sec'y, Dep't of Corr.*,

- 4 -

292 F.3d 1347, 1349 (11th Cir. 2002) (holding that a district court possesses discretion to raise the issue of the timeliness of a Section 2254 application for habeas corpus *sua sponte*).

Accordingly, Johnson's action under Section 2241 is **DISMISSED**. The clerk must send to Johnson both the form for an application for the writ of habeas corpus under Section 2254 and the form for a motion for leave to proceed *in forma pauperis*. Johnson must use the required forms to start a new action. The clerk must close this case.

ORDERED in Tampa, Florida, on March 1, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE